**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KENYAN PAYNE,

               Petitioner - Appellant,

   v.

UNITED STATES OF AMERICA,

               Respondent - Appellee.

No. 12-55893

D.C. No. 2:11-cv-08943-SJO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

     Federal prisoner Kenyan Payne appeals pro se from the district court's order

denying his motion seeking return of three vehicles seized and administratively

forfeited by the Drug Enforcement Administration ("DEA"). We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *United States v. Marshall*, 338 F.3d

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

990, 993 (9th Cir. 2003).  We affirm.

The district court properly denied Payne's motion because Payne did not show that the DEA failed to take reasonable steps to provide him with notice of the forfeiture proceedings.  *See* 18 U.S.C. § 983(e)(1) (to set aside a declaration of forfeiture under a civil forfeiture statute, the movant must show that the government failed to take reasonable steps to provide the movant with notice of the proposed forfeiture and that the movant did not know of or have reason to know of it); *Dusenbery v. United States*, 534 U.S. 161, 170 (2002) ("[T]he Due Process Clause does not require . . . heroic efforts by the Government; it requires only that the Government's effort be 'reasonably calculated' to apprise a party of the pendency of the action[.]").

The district court did not abuse its discretion by denying Payne's "Motion to Re-Open" and "Motion to Amend" because Payne failed to establish grounds warranting reconsideration.  *See Sch. Dist. No. 1J, Multnomah Cnty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We note that we are only considering the three vehicles addressed by the district court.  We express no opinion regarding whether Payne may bring a separate motion regarding additional vehicles.

Payne's contentions regarding his plea agreement are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The United States' request for judicial notice, filed on December 21, 2012, is granted.

Payne's objection, received on March 1, 2013, is treated as a motion to strike and is granted. The United States' supplemental letter, filed on February 19, 2013, is stricken.

**AFFIRMED.**